# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>

Electrical Industry Board of Nassau and Suffolk Counties,

Petitioner,

-v-

Cardinale Industries, Inc.,

Respondent.

</td><td>

2:23-cv-7252
(NJC) (LGD)

</td></tr>
</table>

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, District Judge:

On September 28, 2023, Petitioner Electrical Industry Board of Nassau and Suffolk Counties (the "Board") filed a petition (the "Petition") under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3) and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an arbitration award (the "Award") rendered pursuant to a collective bargaining agreement (the "CBA") between Local Union No. 25 of the International Brotherhood of Electrical Workers (the "Union") and Respondent Cardinale Industries, Inc. ("Cardinale"). (Pet. ¶ 1, ECF No. 1.) For the reasons set forth below, I grant the unopposed Petition and the related request for attorneys' fees and costs incurred in bringing this action.

## JURISDICTION

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Board brings claims under federal law. (*Id.*) Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA plans at issue are administered in this district. (*Id.* ¶¶ 3–5.)

# BACKGROUND

The following facts are taken from the Petition and its attached exhibits. I presume the facts are true because Cardinale has not filed a response to the Petition and the time to do so has expired. *Finkel v. JCF Elec., Inc.*, No. 21-cv-03161, 2022 WL 3682834, at *1 (E.D.N.Y. Aug. 25, 2022).

The Board is the designated administrative arm of employee benefit multiemployer plans established and maintained pursuant to collective bargaining agreements between the Union and employers. (Pet. ¶ 4.) Cardinale, a New York corporation, is an employer under ERISA and an employer in an industry affecting commerce under the LMRA. (*Id.* ¶ 10.)

## I.     The Plans

The Board is a fiduciary under ERISA of the following employee benefit plans, which it administers: the Annuity Fund of the Electrical Industry of Long Island, the Electrical Industry Board Trust Fund, the I.B.E.W. Local 25 Health and Benefit Fund, the I.B.E.W. Local 25 Pension Fund, the I.B.E.W. Local 25 401K Fund ("401(k) Fund"), the Joint Apprenticeship and Training Committee Fund, and the I.B.E.W. Local 25 Vacation and Holiday Trust Fund (collectively the "Local ERISA Funds"), as well as the National Electrical Benefit Fund ("NEBF"). (*Id.* ¶ 5.) Each of the Local ERISA Funds is an employee benefit multiemployer plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37). (*Id.* ¶ 7.)

The Board collects weekly contributions from employers to the Local ERISA Funds as well as assessments for the Labor-Management Cooperation Fund and employer contributions to the 401(k) Fund (collectively, "Required Contributions"). (*Id.* ¶¶ 6, 8.)

## II.     The CBA

Cardinale is a member of the Long Island Chapter of the National Electrical Contractors Association (the "Association") and agreed to be bound by the CBA between the Association and the Union. (*Id.* ¶ 13; CBA, ECF No. 1-1; Pet. Ex. B, ECF No. 1-2.) The CBA requires Cardinale to make Required Contributions for all work covered by the CBA at the rates set out for each of the Local ERISA Funds. (Pet. ¶ 16; CBA art. VI.) The CBA provides that an employer that fails to make timely contributions may owe interest on the amount due, expenses incurred to effect collection including attorneys' fees and costs, and the greater amount of either the interest on unpaid contributions or liquidated damages of 20% of the unpaid contributions. (Pet. ¶ 18; CBA art. VI.)

The CBA incorporates by reference the Board's policy for the collection of delinquent contributions ("Collection Policy"). (Pet. ¶ 17; CBA art. VI, § 6.02; Collection Policy, ECF No. 1-3.) The Collection Policy also provides for interest on late-paid contributions and provides for the resolution of disputes about contributions via arbitration. (Pet. ¶¶ 19–20; Collection Policy, art. 2.1.B.) Further, the Collection Policy provides that an employer shall be liable for the greater amount of interest or 20% of the delinquency, as well as attorneys' fees and costs. (Pet. ¶ 21; Collection Policy art. 6.)

## III.    The Award

Following Cardinale's failure to remit Required Contributions for work through June 2023, a dispute arose between the parties and the Board initiated arbitration before Arbitrator Jay Nadelbach. (Pet. ¶¶ 22–23.) The Board noticed arbitration by mailing notice of its intent to arbitrate the dispute by regular and electronic mail. (Pet. Ex. D, ECF No. 1-4.)

On August 29, 2023, representatives from all parties attended the arbitration hearing. (Pet. ¶ 24; Award at 2, ECF No. 1-5.) At the hearing, the Board presented evidence that

Cardinale owed $58,170.87 in contributions to the Local ERISA Funds, Labor-Management Cooperation Fund, and National Electrical Benefit Fund; $4,233.20 in employee 401(k) contributions; and $28,976.17 in Required Contributions. (Pet. ¶ 25; Award at 2–3.)

On September 5, 2023, the arbitrator rendered the Award in writing. (Award.) The arbitrator found that Cardinale violated the terms of the CBA and ordered Cardinale to pay the Board $111,656.29, consisting of: (1) $91,380.24 in Required Contributions; (2) $18,276.05 in liquidated damages; and (3) $2,000 in professional and administrative fees and costs, plus any legal fees incurred in enforcing the Award. (Pet. ¶ 27; Award at 3–4.) The Board served a demand for compliance with the Award on September 7, 2023. (Pet. ¶ 28; Pet. Ex. F, ECF No. 1-6.) Cardinale has failed to abide by the Award. (Pet. ¶ 29.) The Award has not been vacated, modified, or corrected. (*Id*. ¶ 30.)

## PROCEDURAL HISTORY

On September 28, 2023, within the one-year statute of limitations to confirm an arbitration award, the Board filed the Petition seeking to confirm and enforce the Award. (Pet.) On October 24, 2023 the Board served the Petition, a memorandum of law in support, and the summons on Cardinale at its last-known business address via certified mail and electronic mail and on Cardinale's counsel via email. (ECF No. 11.) On October 25, 2023, the Board served Cardinale by serving the New York Secretary of State. (ECF No. 9.) On November 3, 2023, the Board again served the Petition and attached exhibits on Cardinale's counsel via electronic mail. (ECF No. 10.)

On December 1, 2023, the Board requested a certificate of default, which the Clerk entered on December 12, 2023. (ECF Nos. 12–13.) On January 9, 2024, the Board filed a letter requesting the Court treat the Petition as an unopposed motion for summary judgment. (ECF No.

14.) On January 10, 2024, this case was re-assigned to my docket. (Notice, Jan. 10, 2024.) On January 19, 2024, I granted the Board's request to construe the Petition as an unopposed motion for summary judgment. (Elec. Order, Jan. 19, 2024.)

## LEGAL STANDARDS

Arbitration awards, which are not self-enforcing, must "be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).[1] Where a petition to confirm an arbitration award is "accompanied by a record, courts treat an unanswered petition to confirm an arbitration award as an unopposed motion for summary judgment." *Trs. of the Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab.-Mgmt. Coop. Funds v. Countrywide Home Improvement, Inc.*, No. 17-cv-2570, 2017 WL 5690922, at *2 (E.D.N.Y. Nov. 27, 2017).

Rule 56(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a material question of fact. *Balderramo v. Go N.Y. Tours Inc.*, 668 F. Supp. 3d 207, 219 (S.D.N.Y. 2023) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Exp.*, 766

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, brackets, and citations.

F.3d 189, 194 (2d Cir. 2014). The Court "may rely on other evidence in the record even if

uncited." *Id.* (citing Fed. R. Civ. P. 56(c)(3)).

"Because the [Federal Arbitration Act] establishes a strong presumption in favor of

enforcing an arbitration award, . . . an award is presumed valid unless proved otherwise."

*Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 382 (2d Cir.

2023). Although courts apply a summary judgment standard to arbitration confirmation

proceedings, "a federal court's review of labor arbitration awards is narrowly circumscribed and

highly deferential—indeed, among the most deferential in the law." *A&A Maint. Enter., Inc. v.*

*Ramnarain*, 982 F.3d 864, 868 (2d Cir. 2020). Confirmation of an arbitration award is "a

summary proceeding that merely makes what is already a final arbitration award a judgment of

the court, and the court must grant the award unless the award is vacated, modified, or

corrected." *D.H. Blair*, 462 F.3d at 110. "The arbitrator's rationale for an award need not be

explained, and the award should be confirmed if a ground for the arbitrator's decision can be

inferred from the facts of the case." *Id.* "Only a barely colorable justification for the outcome

reached by the arbitrators is necessary to confirm the award." *Id.* In the specific context of

awards issued pursuant to collective bargaining agreements, a court must confirm the award "as

long as the award draws its essence from the collective bargaining agreement and is not merely

the arbitrator's own brand of industrial justice." *Nat'l Football League Mgmt. Council v. Nat'l*

*Football League Players Ass'n*, 820 F.3d 527, 537 (2d Cir. 2016). Accordingly, "courts play

only a limited role when asked to review the decision of an arbitrator." *Tully Constr. Co. v.*

*Canam Steel Corp.*, 684 F. App'x 24, 26 (2d Cir. 2017).

## DISCUSSION

### I.      The Award is Confirmed

Based on the record before me, and a review of the applicable case law, the Board has demonstrated that there is no genuine issue of material fact precluding confirmation of the Award.

First, the Collection Policy, which is incorporated by reference into the CBA, contains a clear agreement to arbitrate a dispute, such as this one, about unpaid contributions to employee benefit plans. (Collection Policy art. 2, § 2,1(D, F); CBA art. VI, § 6.02.)

Second, the Award "draws its essence" from the CBA, *Nat'l Football League*, 820 F.3d at 537, and has, at a minimum, "a barely colorable justification," *D.H. Blair*, 462 F.3d at 110. The arbitrator found that Cardinale agreed to be bound by the CBA and the Collection Policy during the relevant time period. (Award at 2.) The arbitrator further found that the CBA required Cardinale to make contributions to the Local ERISA Plans, the 401(k) Fund, the Labor-Management Cooperation Fund, and the NEBF, but that Cardinale failed to remit such contributions through June 2023. (*Id.*) As a result, the arbitrator ordered Cardinale to pay the Board $111,656.29, consisting of: (1) $91,380.24 in Required Contributions; (2) $18,276.05 in liquidated damages; and (3) $2,000 in professional and administrative fees and costs, plus any legal fees incurred in enforcing the Award. (*Id.* at 3–4.) Cardinale appeared at the hearing but did not contest the amounts owed. (*Id.* at 3.)

For these reasons, the Award "draws its essence" from the CBA, *Nat'l Football League*, 820 F.3d at 537, and has "a barely colorable justification," *D.H. Blair*, 462 F.3d at 110. Accordingly, I confirm the Award.

## II.     Interest

The Board seeks pre-judgment interest through the date of judgment. (Pet. ¶ 3 at 8.)

Under ERISA, "interest on unpaid contributions shall be determined by using the rate provided

under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C.

§ 1132(g)(2); *see also Countrywide Home Improvement*, 2017 WL 5690922, at *2. Here, the

Collection Policy provides that "[i]nterest shall be charged weekly, without proration, at the rate

of the prime lending rate plus 1%, but no less than 6% per annum, or at any other rate as the

Trustees may fix from time to time." (Collection Policy art. 2, § 2.1(B).) Therefore, it is

appropriate to award interest at the prime lending rate plus 1%, which totals an amount greater

than 6% per year calculated weekly, from September 5, 2023—the date of the Award—through

the date of judgment. *See JCF Elec., Inc.*, 2022 WL 3682834, at *3 (awarding pre-judgment

interest where requested in the petition at the rate set out in the relevant CBA).

The Board also seeks post-judgment interest at the statutory rate. (Pet. ¶ 5 at 8.) "Pursuant

to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as

of the date judgment is entered." *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 129 (2d Cir. 2023),

*cert. denied*, 144 S. Ct. 49 (2023); *see also Trs. of the N.Y.C. Dist. Council of Carpenters

Pension Fund v. Golden Dev. & Constr. Corp.*, No. 17-cv-1051, 2017 WL 2876644, at *6

(S.D.N.Y. July 6, 2017) ("The award of post-judgment interest is mandatory on awards in civil

cases as of the date judgment is entered, including orders that confirm arbitration awards."), *R. &

R. adopted*, 2017 WL 3309737 (S.D.N.Y. Aug. 2, 2017). Accordingly, I award the Board post-

judgment interest from the date of entry of the judgment until the date when the judgment is

satisfied, at the rate provided for by 28 U.S.C. § 1961.

### III.     Attorneys' Fees and Costs

The Board seeks $1,593 in attorneys' fees and costs arising out of the Petition. (Pet. ¶ 5 at

8.) Under Section 502 of ERISA, parties are entitled to reasonable attorneys' fees and costs

incurred in an action initiated to recover delinquent contributions pursuant to a collective

bargaining agreement. 29 U.S.C. § 1132(g)(2)(D). "Although that entitlement does not

necessarily extend to petitions to confirm arbitration awards, courts tend to award fees when

respondents refuse to abide by an arbitrator's decision without justification." *Finkel v. IDL*

*Commc'n & Elec., Inc.*, No. 22-cv-5889, 2023 WL 4565403, at *4 (E.D.N.Y. June 20, 2023), *R.*

*& R. adopted*, 2023 WL 4564911 (E.D.N.Y. July 17, 2023); see *Finkel v. Millennium Fire*

*Servs., LLC*, No. 22-cv-6225, 2023 WL 3620615, at *5 (E.D.N.Y. Apr. 6, 2023) (awarding fees

incurred in connection with confirmation proceeding); *JCF Elec., Inc.*, No. 21-cv-03161, 2022

WL 3682834, at *4 (E.D.N.Y. Aug. 25, 2022) (same). The Board is also entitled to the

reasonable attorneys' fees and costs expended in this matter pursuant to the Collection Policy

and the Award. (Collection Policy art. 2, § 2.1(B); Award at 4.)

The Second Circuit has instructed district courts "to calculate a presumptively reasonable

fee by determining the appropriate billable hours expended and setting a reasonable hourly rate,

taking account of all case-specific variables." *Lilly v. City of New York*, 934 F.3d 222, 229–30

(2d Cir. 2019). To determine a reasonable hourly rate, the district court must decide "the rate a

paying client would be willing to pay, bearing in mind that a reasonable, paying client wishes to

spend the minimum necessary to litigate the case effectively." *Id.* at 231. After multiplying the

reasonable hourly rate by the reasonable number of hours expended, a district court "may, in

extraordinary circumstances, adjust the presumptively reasonable fee when it does not

adequately take into account a factor that may properly be considered in determining a

reasonable fee." *Id.* at 230. In ERISA confirmation proceedings "in this district, the prevailing

hourly rates are generally $200 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates." *IDL Commc'n & Elec.*, 2023 WL 4565403, at *4.

In support of its request, the Board submits contemporaneous time records from its counsel. (Pet. Ex. G, ECF No. 1-7.) These records reflect 3.6 hours of work by Attorney Maura Moosnick, an associate at the law firm Virginia & Ambinder, LLP, at $310 per hour. (*Id.*; Pet. ¶ 35.)[2] Attorney Moosnick graduated Fordham University School of Law in 2021 and is an associate at V&A, where her primary practice area is the representation of multiemployer benefit plans. (Pet. ¶ 35.) Courts typically award hourly rates of $200–$250 for more experienced attorneys than Attorney Moosnick. *See e.g.*, *Finkel v. J&H Elec. Contracting, Inc.*, No. 22-cv-4293, 2023 WL 3948752, at *6 (E.D.N.Y. June 12, 2023) (reducing rate of $290 to $250 for associate who graduated in 2016 and had three years of ERISA litigation experience); *Ally Fin. Inc. v. Comfort Auto Grp. NY LLC*, No. 20-cv-1281, 2022 WL 3703955, at *18 (E.D.N.Y. Aug. 26, 2022) (recommending $250 hourly rate for associate with seven years' experience), *R.& R. adopted*, 2022 WL 4813505 (E.D.N.Y. Oct. 3, 2022); *Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Coop. Funds v. CEI Contractors, Inc.*, No. 18-cv-3467, 2019 WL 117603, at *6 (E.D.N.Y. Jan. 7, 2019) (reducing the hourly rate for associate who graduated four years prior from $265 to $200). In fact, courts in this district have reduced Attorney Moosnick's rate from $310 to $200 per hour. *IDL Commc'n*, 2023 WL 4565403, at *4 (reducing rate to $200 when Attorney Moosnick was a second-year associate); *Millennium Fire Servs.*, 2023 WL 3620615, at *5 (same when Attorney Moosnick was a first-year associate).

---

[2] Although the Petition states that Attorney Charles Virginia billed at $450 per hour and legal assistants billed at $155 per hour (Pet. ¶¶ 34, 36), the contemporaneous time records do not reflect any time billed by either Attorney Virginia or a legal assistant (Pet. Ex. G, ECF No. 1-7).

Based on the foregoing, Attorney Moosnick's hourly rate of $310.00 is high; I reduce her hourly rate to $290.00. *See Finkel v. J&H Elec. Contracting, Inc*., No. 22-cv-06298, 2023 WL 4763366 (E.D.N.Y. July 26, 2023) (approving a rate of $290 for Attorney Moosnick as reasonable because of the extensive delegation to the associate and reasoning that reducing the associates' hourly rate risks incentivizing counsel to staff partners on associate-level work to increase attorneys' fees). Therefore, I award the Board $1,044 in attorneys' fees.

The Board also seeks $477 in "court filing fees and service charges." (Pet. ¶ 39.) "Courts routinely make awards for costs pursuant to ERISA in confirmation proceedings." *IDL Commc'n*, 2023 WL 4565403, at *4; *see also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Courts award costs "relating to filing fees, process servers, postage, and photocopying." *IDL Commc'n*, 2023 WL 4565403, at *4 (recommending awarding petitioner $477 for "filing and service" fees). Because the requested costs are reasonable, I award the Board $477 in costs.

**CONCLUSION**

For the reasons stated above, I grant the Petition and confirm the Award. The Clerk of

Court is directed to enter judgment in favor of the Board and against Cardinale in the amount of

$111,656.29, plus pre-judgment calculated weekly interest on the unpaid contributions at the

prime lending rate plus 1% from September 5, 2023 through the date of judgment, plus post-

judgment interest from the date of entry of the judgment until the date when the judgment is

satisfied at the rate provided for by 28 U.S.C. § 1961, together with attorneys' fees and costs in

the amount of $1,521.


Dated: Central Islip, New York
September 5, 2024

                     */s/ Nusrat J. Choudhury*
                     NUSRAT J. CHOUDHURY
                     United States District Judge